(Pleito No. 204.—Fallado el 10 de Junio de 1902.)

## El Pueblo de Puerto Rico contra La Luz Eléctrica.

Recurso contra sentencia dictada por la Corte de Distrito de San Juan.

Notificaciones al Attorney General. El Attorney General tiene todas las atribuciones y ejerce todas las funciones que por la ley corresponden á un Attorney de Territorio de los Estados Unidos y es el único representante de "El Pueblo de Puerto Rico", y á él deben hacerse todas las notificaciones en los pleitos en que fuere parte "El Pueblo de Puerto Rico".

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á diez de Junio de mil novecientos dos, en el recurso que en grado de apelación ante Nos pende, entre partes, de la una, "El Pueblo de Puerto Rico", representado por el Honorable James S. Harlan, Attorney General y el Honorable Emilio del Toro, Assistant Attorney General, y de la otra, la Sociedad Anónima "Luz Eléctrica", representada por el Letrado Don Manuel F. Rossy; sobre revocación del auto dictado por el Tribunal del Distrito de San Juan, en seis de Diciembre del año anterior, que literalmente copiado dice así:— "Puerto Rico, seis de Diciembre de mil novecientos uno.— "Resultando: Que el Letrado Don Manuel F. Rossy en "representación de Don Ramón Valdés Cobián, Presidente "de la Sociedad Anónima "Luz Eléctrica", establecida en "esta Ciudad, acompañando varios documentos, entre ellos "una comunicación del Tesorero, de cuatro de Septiembre "de mil novecientos, en la que dice á dicho Letrado, 'que si "la expresada Sociedad se considera agraviada por la nueva "contribución que se le reparte, puede acudir á los Tribu- "nales', presentó escrito solicitando se tuviera por interpuesto "el recurso contencioso-administrativo en nombre de Valdés "representante legal de la expresada sociedad y se reclamara "al Tesorero de Puerto Rico el expediente ó antecedentes "que motivaron la resolución recurrida, proveyendo el Tri- "bunal de conformidad.—Resultando: Que reclamado el

"expediente y remitido por el Tesorero, se instruyó al deman-
"dante que formuló su demanda y, tramitada con el Fiscal
"del Tribunal, la contestó solicitando se absolviera á la
"Administración, declarando bien dictada la resolución del
"Tesorero, celebrándose en su día vista pública con asis-
"tencia del Fiscal, representando á la Administración, y del
"defensor del demandante, y previa votación, se dictó en
"veinte y seis de Julio último sentencia declarando con
"lugar la demanda en la forma que en ella se expresa, sin
"especial condena de costas.—Resultando: Que en el mismo
"día veinte y seis mencionado fué notificada la sentencia al
"Fiscal interino Don J. M. Romeu y Cobián y al Letrado
"Rossy, quien en veinte y ocho de Septiembre pidió se decla-
"rara firme la sentencia, accediéndose á ello: y que en treinta
"de Octubre el antes expresado Fiscal interino Romeu pre-
"sentó escrito manifestando se le notificó la sentencia y no
"observando se hubiera cometido ningún quebrantamiento
"de forma ni infracción de ley á su juicio, no utilizó los
"recursos que la ley concede contra la sentencia, quedando
"firme en su virtud, siendo esa su única intervención en el
"asunto, y como se hablaba de una Sociedad Anónima en
"que no constan los nombres de los socios que la componen,
"no tuvo conocimiento de que el principal socio es Don
"Ramón Valdés Cobián y además gerente, de quien es
"pariente por ser tío político, con el cual sostiene relaciones
"de amistad íntima, estimando por ello nula la notificación
"por haberse hecho á funcionario que estaba impedido por
"llevar la representación contraria Don Ramón Valdés Co-
"bián.—Resultando: Que mandado instruir de ese escrito
"y pretensión, la contraria se opuso solicitando se declarara
"sin lugar y con costas la petición, por no existir artículo
"alguno en la ley que apoye la nulidad, pues las recusa-
"ciones sólo se dan contra Jueces y no contra Fiscales; y
"aunque existiera, no procede después de citadas las partes
"para sentencia; que sólo cabe la abstención y dar cuenta
"al Superior en el caso, y hoy no, por el transcurso de los

"términos legales y declarada firme la sentencia; que la
" " Luz Eléctrica ". es Sociedad Anónima, compuesta de varios
"socios, entre ellos el Sr. Valdés y la sociedad no puede ser
"responsable de las relaciones particulares y privadas de
"uno de los socios; que Valdés, según la certificación del
"Secretario de la Directiva de la Sociedad que con el
"escrito acompaña, desde Diciembre de mil novecientos
"cesó de ser Director de ella, sustituyéndole Don Antonio
" Alvarez Nava que es el que actualmente ejerce el cargo.—
"Resultando:   Que á virtud de esa oposición del deman-
"dante, el Attorney General, en cuatro de Noviembre último,
"promovió incidente de nulidad de la notificación de la
"sentencia hecha en autos, en veinte y seis de Julio, al
"entonces Fiscal provisional de esta Corte de Distrito, y
"alegó dicha notificación, lo manifestado por el citado
"Romeu en treinta de Octubre referido en el tercer Resul-
"tando y que al Attorney General no se le ha notificado
"dicha sentencia; y como derecho los artículos 54 y 96 de
"la Ley de Enjuiciamiento Criminal, el 105 de la Ley de lo
"Contencioso-Administrativo, que Romeu ha debido abste-
"nerse y habiéndose hecho á éste la notificación y no al
" Attorney General de Puerto Rico, único y verdadero repre-
"sentante de la Administración, según la sección 21 de la
"Ley Foraker, procede la nulidad pedida.—Resultando:·
"Que tramitado el incidente, la " Luz Electrica" se opuso,
"solicitando se declarara sin lugar, con las costas, alegando
"lo expuesto en los Resultandos tercero y siguientes, y,
"además, que hasta hoy, en todos los pleitos administrativos
"que se han tramitado y tramitan ante este Tribunal en pri-
"mera instancia y ante el Tribunal Supremo en segunda, han
"representado y defendido á la Administración los Fiscales
"de esos Tribunales con asentimiento del Attorney General;
"que este Tribunal al iniciarse este pleito pidió el expedien-
"te administrativo á la Tesorería de Puerto Rico, y lo
"remitió, citándose después al Fiscal Sr. Acuña que contestó
"la demanda; defendiendo á la administración en los debates

"orales el Fiscal Sr. Toro, que sustituyó á aquél; notificán-
"dose la sentencia al Fiscal Sr. Romeu que sustituyó interi-
"namente á Toro, nombrado para igual cargo en el Supremo,
"precisamente por nombramiento del Attorney General, y
"niega los hechos de la demanda incidental.—Siendo el
"derecho los artículos 19, 23, 45, 66, 67 y 105 de la Ley de
"lo Contencioso-Administrativo, los 137 á 166 de su Regla-
"mento, los 56, 99, 129 y 140 de la Ley de Enjuiciamiento
"Criminal, los 192 y 193 de la Ley de Enjuiciamiento Civil,
"las secciones 21 y 23 de la Ley Foraker y la Orden General
"número 118, en especial el párrafo 10 de ella.—Resultando:
"Que señalada la vista á instancia de parte, concurrieron á
"ella por la Administración el Honorable Assistant Attorney
"General y el Fiscal del Supremo; y por la 'Luz Eléctrica'
"su defensor, alegando lo que creyeron pertinente á sus
"respectivas conclusiones.—Considerando:   Que la Sección
"33 de la Ley Foraker, de doce de Abril de mil novecientos,
"sienta que el poder judicial residirá en las Cortes y Tribu-
"nales de Puerto Rico establecidos ya y en ejercicio, y las
"leyes y ordenanzas de Puerto Rico y sus Municipios que
"se hallan vigentes en todo lo que no se oponga á dicha ley,
"la que declara subsistente esas Cortes y Tribunales, con su
"jurisdicción y trámites seguidos en ellos;  prescripción
"reconocida no sólo por el Tesorero de Puerto Rico, al
"comunicar á la 'Luz Eléctrica' puede acudir á los Tribu-
"nales por la nueva contribución que se le reparte y remi-
"tiendo además el expediente al reclamárselo por ley este
"Tribunal, sigue por el Consejo Ejecutivo y la Cámara de
"Delegados al aprobar el C. B. 5, sobre contribuciones, y
"ordenar en la Sección 100 se puede apelar al Tribunal
"de Distrito y éste resolver el asunto tan pronto como sea
"posible; reconocimiento que está mucho más claro en la
"Orden General número 84 de diez y ocho de Abril de mil
"novecientos en su apartado 6, al decir que la Corte de
"Distrito de San Juan, á instancia de parte, procederá á
"considerar y resolver la reclamación por lo Contencioso

"Administrativo.—Considerando: Que esas disposiciones, "naturales y lógicas, nacieron por la supresión del Tribunal "Contencioso-Administrativo, según la Orden General núme-"ro 4 de veinte y siete de Octubre de mil ochocientos "noventa y ocho, pasando por ella las obligaciones, deberes y "funciones á la Suprema Corte de Justicia que el Gobierno "Militar estableció conforme á la número 19 de dos de "Diciembre de dicho año; y si bien dicha Corte Suprema "podía conocer de la primera y segunda instancia y en "casación de lo civil, y en primera instancia y casación de "lo criminal, en la porción de territorio á ella adherido para "dicha primera instancia, como su organización no podía "continuar en esa forma, por no ser justo ni legal, que tres "Jueces que le habían conocido en una instancia volvieran "á conocer en la segunda, ó en el recurso, vino por necesidad "la reforma y con ella la Orden General número 118 de "Agosto de mil ochocientos noventa y nueve.—Conside-"rando: Que por esa Orden General número 118 se creó el "Tribunal Supremo de Justicia para conocer de los recursos "de casación en lo Civil y Criminal, quedando intacta su "jurisdicción, como más elevado Tribunal, para conocer de "las apelaciones en lo contencioso-administrativo, como se "deduce claramente del artículo 12 al decir que todos los "negocios de que estuviera conociendo en apelación la "Suprema Corte se remitieran á este Tribunal de San Juan "para tramitarlos y fallarlos como Tribunales de segunda "instancia, y al declarar, en el 71, subsistentes todos los "procedimientos especiales, entendiéndose que las Cortes de "Distrito asumen la jurisdicción y facultades de la supri-"mida Corte Suprema, Audiencia Territorial y Jueces de "1ª Instancia, es evidente pasó á las Cortes de Distrito el "conocimiento en primera instancia de lo contencioso-admi-"nistrativo con su ley y su reglamento, por no haber sido "suprimidas, modificadas ni alteradas por la Orden General "número 118, ni por ninguna otra.—Considerando: Que "vienen á corroborar ese parecer, no sólo los varios recursos

"contencioso-administrativos aquí tramitados y resueltos
"por este Tribunal, y en apelación por el Tribunal Supremo
"de Justicia, y las varias Órdenes Generales y circulares
"del Gobierno Militar confiriendo esa jurisdicción conten-
"cioso-administrativa á las Cortes de Distrito, entre ellas la
"Orden General número 94 de veinte y nueve de Abril de
"mil novecientos, y disponiendo el artículo 10 de la Orden
"General número 118 que el Fiscal del Tribunal del Distrito
"llevará la representación de ley en los juicios criminales y
"civiles, previniendo el artículo 23 de la de lo Contencioso
"que el Fiscal defenderá por escrito y de palabra á la
"Administración y á las corporaciones que estuvieren bajo
"su especial inspección y tutela, mientras estos últimos no
"designen letrados que los representen ; más claro no puede
"aparecer que el Fiscal del Tribunal es el que representa y
"defiende á la Administración y corporaciones expresadas,
"tanto más cuanto el artículo 45 de dicha Ley ordena se
"emplace al Fiscal y después á los coadyuvantes á fin de
"que contesten sucesivamente la demanda en el plazo que
"la ley fija ; á menos que la Administración, utilizando el
"derecho del segundo apartado del artículo 23 de la Ley ó
"56 del Reglamento, nombre un Fiscal especial, en cuyo caso
"debe hacerlo saber al Tribunal.—Considerando : Que sabia
"la ley como de quien emana, previó no sólo ese caso, si que
"no consiente que el Fiscal se allane á la demanda sin estar
"debidamente autorizado por la Administración ; obligán-
"dole por los artículos 57 y 63 del Reglamento á pedir
"instrucciones para la mejor defensa de los derechos de ella,
"y á otros requisitos y exigencias dictadas todas para que la
"Administración no se perjudique, pero salvando siempre el
"principio inconcuso de la igualdad de defensa ante el Tri-
"bunal, por no ser el Fiscal más que una de las partes que
"en los juicios intervienen, quien por esa razón no puede ser
"recusado, pero podrá abstenerse, dando cuenta al Superior
"respectivo para que designe el que deba reemplazarlo.—
"Considerando : Que de todo esto se deduce existe depen-

"dencia, vigilancia é inspección y, por tanto, delegación en el
" Ministerio Fiscal por su Superior ; y que para el Tribunal,
"no siendo más que una parte, no puede conceder privile-
"gios que las leyes no amparan, debiendo en tal virtud apli-
"cársele las prescripciones legales que regulan el procedi-
"miento, resultando de ello que la notificación hecha de la
"sentencia en veinte y seis de Julio es válida y eficaz por
"haberse hecho al Fiscal del Tribunal, y no es posible que
"declarada firme la sentencia á instancia del demandante á
"los dos meses de notificada, ó sea en veinte y ocho de Sep-
"tiembre, se pueda declarar nula en vista de las peticiones
"hechas en treinta de Octubre y cuatro de Noviembre, sin
"alterar los buenos principios de derecho, las sanas reglas en
"que toda ley y procedimiento se deben fundar y con per-
"juicio de una de las partes que en un juicio interviene.—
"Considerando finalmente : Que para poder reclamar la
"nulidad es necesario que la subsanación de la falta que la
"motiva se haya solicitado dentro de los diez días desde que
"se cometió ; y la supuesta falta se ha reclamado después de
"los tres meses de practicada aquella diligencia, por lo que,
"dadas las prescripciones de los artículos 63 á 65, en conso-
"nancia con los 98, 99, 114 y 171 del Reglamento y los 66 y
"94 de la Ley, este Tribunal no puede reducir ni ampliar
"los términos fijados en la Ley, sino en los casos en que se le
"concede expresamente la facultad de hacerlo, en el que no
"se encuentra el reclamado.—Considerando : Que no existe
"temeridad para imponer las costas al promovente ; y que
"la resolución debe dictarse en forma de auto según el
"artículo 93 de la Ley y 127 del Reglamento.—Se declara
"sin lugar el incidente de nulidad de la notificación de la
"sentencia en estos autos dictada, hecha al Fiscal interino de
"este Tribunal, en veinte y seis de Julio último, sin especial
"condena de costas.—Así lo acordaron y firman los Jueces
"del Tribunal : certifico.—Juan R. Ramos.—Juan Morera
"Martínez.—José R. Savage.—Ramón Falcón ".—Resul-
tando : Que el Hon. Attorney General estableció contra el

anterior auto recurso de apelación que fué admitido para ante este Tribunal Supremo, con citación y emplazamiento de las partes, lo que tuvo lugar en trece de Enero de mil novecientos dos.—Resultando: Que elevadas á este Tribunal las actuaciones de la Corte del Distrito de San Juan, compareció el Hon. Assistant Attorney General Emilio del Toro, en representación de "El Pueblo de Puerto Rico", y el Letrado Don Manuel F. Rossy á nombre de la Sociedad Anónima "Luz Eléctrica", teniéndoles por comparecidos y mandándose formar la correspondiente nota.—Resultando: Que en el acto de la vista las partes sostuvieron sus respectivas pretensiones.—Visto: Siendo Ponente el Juez Asociado Don Louis Sulzbacher.—Aceptando los fundamentos de hecho del auto.—Considerando: Que por la ley del acta del Congreso de los Estados Unidos titulada "Ley para proveer temporalmente de rentas y un Gobierno Civil á la Isla de Puerto Rico y para otros fines", aprobada en Abril doce de mil novecientos, en su Sección 7ª se determinó que la Isla de Puerto Rico fuese un cuerpo político bajo el nombre de "El Pueblo de Puerto Rico"; y por la Sección 18ª de la referida Ley del Congreso se creó el cargo de Attorney General para Puerto Rico, y en la Sección 21ª de la misma Ley se consignó que el Attorney General tendrá todas las atribuciones y ejercerá todas las funciones que por la Ley corresponden á un Attorney de territorio de los Estados Unidos, hasta donde sean localmente aplicables.—Considerando: Que es una de las atribuciones de un Attorney de territorio de los Estados Unidos la de tener el poder inherente y la facultad única de representar á la Administración de un territorio ante los Tribunales de tal territorio y la de nombrar á un sustituto ó Assistant para que haga sus veces ante los Tribunales.—Considerando: Que por lo tanto el Attorney General de esta Isla es el único representante de "El Pueblo de Puerto Rico" ante los Tribunales de la misma, con igual poder y facultad de nombrar sustituto ó "Assistant".—Considerando: Que no consta en parte alguna de los autos que el

Attorney General de Puerto Rico haya nombrado á dicho J. M. Romeu como sustituto, ó "Assistant", ni haberle autorizado para representar á "El Pueblo de Puerto Rico" en el litigio ante la Corte de Distrito de San Juan ó en algún incidente del mismo.—Considerando: Que por dichos motivos la notificación de dicha Corte de Distrito del día veinte y seis de Julio de mil novecientos uno, hecha á dicho J. M. Romeu, no puede producir efecto legal.—Fallamos: Que debemos revocar y revocamos el auto dictado por la Corte del Distrito de San Juan en seis de Diciembre del año próximo pasado, y en su consecuencia declaramos nula la notificación que en veinte y seis de Julio del mismo año se hizo á Don J. M. Romeu, así como el auto de veinte y ocho de Septiembre en que se declaró firme la sentencia del veinte y seis de Julio del ya citado año, la cual se notificará al Honorable Attorney General, sin especial condenación de costas.—Así por esta nuestra sentencia, que se publicará en la *Gaceta Oficial*, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—Louis Sulzbacher.—J. H. McLeary.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don Louis Sulzbacher, celebrando audiencia pública dicho Tribunal en el día de hoy, de que certifico como Secretario, en Puerto Rico á diez de Junio de mil novecientos dos.—Antonio F. Castro, *Secretario*.